UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANDONG SHINHO FOOD INDUSTRIES CO., LTD. | § § § § | |
| Plaintiff, | § § | No. 4:18-cv-2496 |
| v. | § § | |
| MAY FLOWER INTERNATIONAL, INC. | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § § | |

# DEFENDANTS' ORIGINAL ANSWER

Defendants MAY FLOWER INTERNATIONAL, INC. files this Answer to Plaintiff's Original Complaint and would show as follows:

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted against Defendant.

2. Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Plaintiff has an adequate remedy at law.

3. To the extent Plaintiff has suffered any damages, which Defendants expressly deny, Plaintiff has failed to take any steps to mitigate its damages.

4. Defendant denies any willful infringement.

5. Plaintiff's trademark is unenforceable by reason of unclean hands.

6. Plaintiff's claims are barred by the doctrine of trademark misuse.

7. Plaintiff's trademark is invalid and was fraudulently obtained.

8. Plaintiff's claims are barred by the doctrine of fair use.

9. Plaintiff's claims are barred by the doctrine of acquiescence.

1

10. Plaintiff has no protectible interest in the Chinese characters "葱伴侣" pronounced as "Cong Ban Lv."

11. Plaintiff's requested relief would constitute a prior restraint in violation of the First Amendment of the United States of America.

12. Plaintiff has failed to demonstrate there is personal jurisdiction in Texas over the Defendant.

13. Plaintiff has failed to demonstrate that the Southern District of Texas is a proper and convenient forum.

14. Applicable law does not permit the imposition of treble or punitive damages.

## ANSWER

15. To the extent further answer to Plaintiff's factual allegations is necessary, Defendant would show as follows:

16. Under Rule 8(b) of the Federal Rules of Civil Procedure, the Defendant denies each and every factual allegation contained within Plaintiff's Original Complaint except those expressly admitted herein.

17. Defendant admits that Plaintiff is a company formed in China as alleged in ¶ 1; that Defendant is a New York company having a principal place of business in New York City as alleged in ¶ 2; and that the Court has subject matter jurisdiction over the Plaintiff's federal claims as alleged in ¶ 3.

## DEMAND FOR JURY TRIAL

18. Defendant demands a trial by jury on all triable issues.

## PRAYER

19. Defendant prays that it be released, discharged, and acquitted of all charges and allegations filed against it, that judgment be rendered in its favor, either prior to or at the conclusion of a trial of this matter, that Plaintiff take nothing by reason of this suit, and that Defendant recovers all costs of court, as well as all other such relief to which it is justly entitled at

law and in equity.

        Respectfully Submitted,

        **NGUYEN & CHEN, LLP**

        */s/Brian M. Gargano*
        BRIAN M. GARGANO
        SBOT # 24102898
        bgargano@nguyen-chen.com
        11200 Westheimer, Suite 120
        Houston, Texas 77042
        (832) 767-0339
        (832) 767-0669 (Fax)

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and a copy of this filing has been forwarded to all known parties in accordance with the ECF local rules:

Timothy T. Wang
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900
twang@nilawfirm.com

/s/ *Brian M. Gargano*
BRIAN M. GARGANO