UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANDONG SHINHO FOOD INDUSTRIES CO., LTD. | § § § § | |
| Plaintiff, | § § | No. 4:18-cv-2496 |
| v. | § § | |
| MAY FLOWER INTERNATIONAL, INC. | § § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § § | |

### **DEFENDANTS' AMENDED ANSWER WITH COUNTERCLAIM**

Defendant MAY FLOWER INTERNATIONAL, INC. files this Amended Answer with Counter Claim to Plaintiff's Original Complaint and would show as follows:

### **AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted against Defendant.

2. Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Plaintiff has an adequate remedy at law.

3. To the extent Plaintiff has suffered any damages, which Defendants expressly deny, Plaintiff has failed to take any steps to mitigate its damages.

4. Defendant denies any willful infringement.

5. Plaintiff's trademark is unenforceable by reason of unclean hands.

6. Plaintiff's claims are barred by the doctrine of trademark misuse.

7. Plaintiff's trademark is invalid and was fraudulently obtained.

8. Plaintiff's claims are barred by the doctrine of fair use.

9. Plaintiff's claims are barred by the doctrine of acquiescence.

1

10. Plaintiff has no protectible interest in the Chinese characters "葱伴侣" pronounced as "Cong Ban Lv."

11. Plaintiff's requested relief would constitute a prior restraint in violation of the First Amendment of the United States of America.

12. Applicable law does not permit the imposition of treble or punitive damages.

## ANSWER

13. To the extent further answer to Plaintiff's factual allegations is necessary, Defendant would show as follows:

14. Under Rule 8(b) of the Federal Rules of Civil Procedure, the Defendant denies each and every factual allegation contained within Plaintiff's Original Complaint except those expressly admitted herein.

15. Defendant admits that Plaintiff is a company formed in China as alleged in ¶ 1; that Defendant is a New York company having a principal place of business in New York City as alleged in ¶ 2; that the Court has subject matter jurisdiction over the Plaintiff's federal claims as alleged in ¶ 3; that venue is proper as alleged in ¶ 4; and that the Court has personal jurisdiction due to Defendant's counter claim.

## **DEMAND FOR JURY TRIAL**

16. Defendant demands a trial by jury on all triable issues.

## **PRAYER**

17. Defendant prays that it be released, discharged, and acquitted of all charges and allegations filed against it, that judgment be rendered in its favor, either prior to or at the conclusion of a trial of this matter, that Plaintiff take nothing by reason of this suit, and that Defendant recovers all costs of court, as well as all other such relief to which it is justly entitled at law and in equity.

## COUNTERCLAIM

Plaintiff MAY FLOWER INTERNATIONAL, INC., by and through its undersigned attorneys, submits this Counterclaim against Defendant SHANDONG SHINHO FOOD INDUSTRIES CO., LTD, and alleges as follows:

## PARTIES

1. Plaintiff May Flower International, Inc. is a corporation organized and existing under the laws of the State of New York, having principle place of business at 56-72 49th Pl., Flushing, New York, 11379.

2. Defendant Shandong Shinho Food Industries Co., Ltd. is a limited company organized under the laws of the People's Republic of China, having a principal place of business in Longwangzhuang Town, Laiyang, Shandong Province, China.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter pursuant to 15 U.S.C. § 1121 and/or 28 U.S.C. §§ 1331 and 1338 relating to federal questions and actions involving trademarks.

4. Venue is proper in this Court under 28 U.S.C. § 1391.

5. This Court has personal jurisdiction over Shandong as it has purposefully availed itself of the privilege of conducting commercial activities within the state of Texas and has consented to the Court's jurisdiction by the filing of the instant action.

## ALLEGATIONS OF FACT

6. The founder of Shandong Shinho Food Industries Co., Ltd., Mr. Teh-San Sun, alleges it obtained the U.S. Trademark Registration No. 4,098,259 for the design mark of " 葱 伴

侣 " mark  on February 14, 2012.

7. Upon information and belief, Sun Teh-San provided false information and documents to the Trademark Office during the registration of the Cong Ban Lü in 2011.

8. Upon information and belief, Sun Teh-San misrepresented to the Trademark Office he was of Chinese nationality even though at the time he was not and resided at 261 King Street, Northampton, MA 01060, USA. Not Chinese nationality.

9. Upon information and belief, Sun Teh-San held a Taiwanese passport and a British Virgin Island passport as the time of filing.

10. Upon information and belief, when Sun Teh-San applied to the US Trademark Office for registration of Reg. No. 4,098,259. the "Cong Ban Lü" trademark was filed with the Chinese nationality.

11. Upon information and belief, conversely Sun Teh-San claimed he was an American citizen and lived at 261 King Street, Northampton, MA 01060 when registering Shandong Shinho Food Industries Co., Ltd in China Yantai Market Administration (Commerce and Industry Bureau - Government Administration Approval Department of Chinese Industrial and Commercial Enterprises).

12. Upon information and belief, on February 11, 2015, Sun applied for the trademark from the US Trademark Office with the serial number 86541043 and claimed Taiwanese citizenship. Moreover, in his application for the trademark  with

4

the serial number 77443405, Sun previously claimed Taiwanese citizenship.

13. Given that Sun claims Taiwanese, American and British Virgin Islands nationalities, Sun cannot be a Chinese citizen because the Chinese government does not recognize dual citizenship. As such, Sun purposefully provided the Trademark Office with false information in order to reap and/or maintain certain tax benefits for foreign investment merchants granted by the Chinese government.

14. According to the Trademark Reg. No. 4,098,259, Sun has claimed that the product "Cong Ban Lü" had been commercially used in the U.S. market since February 1, 1997 and Sun provided pictures of "Cong Ban Lü" soy sauce and peanut butter products to the Trademark Office.

15. Upon information and belief, what was actually provided was false information as during this time period, there was no "Cong Ban Lü" product in the U.S. market.

16. Upon information and belief, the commercial photos of soy sauce and peanut butter provided by Sun in the United States were false images. Notably, the two pictures provided show that there was no manufacturer information for soy sauce and peanut butter products, no importer information, no sellers, no production date, no expiration date, no "Ingredient", and no "Nutrition Facts" i.e. "7-No" products.

17. As the Food and Drug Administration prohibits products without these contents in the label to be sold in the market (see 21 CFR 701.10), Sun's submission to the Trademark Office was clearly fraudulent.

18. Upon information and belief, foreign food entering the United States must be approved by the Federal Customs, FDA, USDA and approved with release documents before they can be sold in the U.S. market.

19. Upon information and belief, the federal customs, FDA, and USDA do not have a record of declarations and approvals for Cong Ban Lü" soy sauce and peanut butter products at or around the time the trademark was applied for. Upon information and belief, the FDA, USDA, and the State Food Administrations did not have U.S. domestic production approvals and filings for the Cong Ban Lü" soy sauce and peanut butter products at or around the time the trademark was applied for.

20. Upon information and belief, Sun provided the green food mark No LB-36-0201156571 on the photo of the bean paste  to the Trademark Office in 2011, where LB stands for green food, 36 stands for food type, and 0201 stands for time for approval of green food, i.e. January 2002, 15 represents the province where Shinho is located in Shandong, 657 for bean paste, and 1 for grade.

21. Upon information and belief, Sun readily informed the Trademark Office in 2011 and 2018 that its products bearing said mark were sold and utilized in the U.S. market as of February 1, 1997.

22. Upon information and belief, it takes typically two months for food products produced in Chinese factories to reach a U.S. supermarket given the logistics of transportation and approval from the U.S. government. As such, for said products to be commercially available in the U.S. market on February 1, 1997, the bean paste products provided by Sun had to be produced in 1996. However, the bag of bean paste submitted to the Trademark office was printed with the green food mark bearing the approval of January 2002.

6

23. As such, this is yet another example of Sun's fraud upon the Trademark Office.

24. Upon information and belief, there is believed to be much more evidence of fraudulent and/or illegal activity committed by Sun and Shandong Shinho Food Industries Co., Ltd.

25. On the other hand, May Flower has been actively using its mark on its food products in the U.S. market for many years having numerous products bearing its well-recognized mark in the U.S. market.

26. Upon information and belief, Sun and Shandong have attempted to unlawfully usurp May Flower's famous market and has infringed and unlawfully interfered with May Flower's intellectual property rights and the usage of its well-recognized mark on it products.

**FIRST CAUSE OF ACTION**
**(TRADEMARK INFRINGEMENT UNDER LANHAM ACT 32(a))**

27. Plaintiff realleges and incorporates by reference each and every preceding allegation as if fully set forth herein.

28. Plaintiff has continuously used Plaintiff's mark in interstate commerce in the U.S. market for many years and has developed significant product recognition throughout the United States, in the consuming public and in the industry, with respect to its mark.

29. Plaintiff as a leading supplier has all right, title and interest in and to the Plaintiff's Mark, and has standing to maintain an action for trademark infringement.

30. Upon information and belief, Defendant was at the time of their actions complained of herein, actually aware that Plaintiff is the registered trademark holder of the Plaintiff's Mark.

31. Defendant did not and failed to obtain the consent or authorization of Plaintiff as the authorized enforcer of the Plaintiff's Mark to deal in and commercially distribute, offer for

sale, sell, and advertise products bearing an extremely similar logo which portrayed a logo almost identical

32. Defendant's Mark and Plaintiff's Mark, both are for soybean paste and other processed food products, which directly compete with each other, and are sold through same or directly competing channels of trade to the same class of consumers.

33. Defendant intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of the Plaintiff's Mark in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods, by offering, retailing, selling, and distributing counterfeit sauce and soybean paste products bearing the confusingly similar logo which portrayed a logo almost identical to Plaintiff's Mark.

34. Defendant reproduced, counterfeited, copied, and/or colorably imitated Plaintiff's Mark and applied such reproductions, counterfeits, copies, and/or colorable imitations to labels, signs, prints, packages, wrappers, receptacles, websites and/or advertisements intended to be use in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of soybean paste and other processed food products. Defendant thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit sauce and soybean paste products bearing the confusing similar logo which portrayed a logo almost identical to Plaintiff's Mark.

35. Such use of Plaintiff's Mark by Defendant is likely to cause confusion, mistake or deception with the consuming public regarding the affiliation, connection or association between Plaintiff and Defendant, in violation of 15 U.S.C. § 1125(a).

36. Such acts of Defendant have caused, and unless enjoined will continue to cause, substantial irreparable damage and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

37. Upon information and belief, such acts of Defendant are willful and render Defendant liable with respect to all remedies provided in 15 U.S.C. §§ 1116, 1117, and 1118, including injunctive relief, damages, profits, destruction of infringing articles, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
**(DECEPTIVE TRADE PRACTICES TEX. BUS. & COM. § 17.46)**

38. Plaintiff realleges and incorporates by reference each and every preceding allegation as if fully set forth herein.

39. Plaintiff is informed and believe, and upon that basis allege, that Defendant copied the Plaintiff's Mark and reproduced it with the intent of causing confusion, mistake and/or deception as to the source of the Defendant's Infringing Product and with the intent to palm off such goods as those of Plaintiff. Upon information and belief, the conduct of Defendant has been deliberate, willful, intended to cause confusion, deceive, or mistake.

40. Upon information and belief, Plaintiff alleges that unless enjoined by the Court, the confusion and deception alleged herein, and the likelihood thereof will continue with irreparable harm and damage to Plaintiff.

41. Plaintiff has no adequate remedy at law for Defendants' continued violation of the rights as set forth above. As such, Plaintiffs request injunctive relief from the Court.

## THIRD CAUSE OF ACTION
**(TRADEMARK INFRIGEMENT TEX. BUS. & COM. § 16.102)**

42. Plaintiff realleges and incorporates by reference each and every preceding allegation as if fully set forth herein.

43. The Court has jurisdiction over this Count under 28 U.S.C. §1367.

44. Upon information and belief, Defendant copied the Plaintiff's Mark and reproduced it with the intent of causing confusion, mistake or deception with the consuming

public regarding the affiliation, connection or association between Plaintiff and Defendant.

46. Upon information and belief, the acts of Defendant have been committed with knowledge of Plaintiff's rights and good will in the Plaintiff's Mark, as well as with bad faith and intent to cause confusion or to cause mistake and to deceive.

46. Such acts of Defendant have caused, and unless enjoined will continue to cause, substantial irreparable damage and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

47. Upon information and belief, such acts of Defendant are willful and render Defendant liable with respect to all remedies including injunctive relief, damages, profits, destruction of infringing articles, attorneys' fees and costs.

## **FOURTH CAUSE OF ACTION**
### **(TRADEMARK DILUTION 15 U.S.C. § 1125(c))**

48. Plaintiff realleges and incorporates by reference each and every preceding allegation as if fully set forth herein.

49. The Plaintiff's Mark is distinctive and famous within meaning of the Lanham Act.

50. Upon information and belief, such unlawful acts of Defendant began long after Plaintiff's asserted mark became famous, and Defendant acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute the Plaintiff's Mark. Defendant's conduct is willful, wanton, and egregious.

51. Such acts of Defendant as asserted herein have diluted and will continue to dilute the Plaintiff's Mark, and is likely to impair the distinctiveness, strength, and value of Plaintiff's mark, and injure the business reputation of Plaintiff and the Plaintiff's Mark.

52. Such acts of Defendant have caused and will continue to cause Plaintiff irreparable harm. As the acts alleged herein constitute a willful violation of Section 43 (c) of the

Lanham Act, 15 U.S.C. 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies, including Defendant's profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

### FIFTH CAUSE OF ACTION
**(Cancellation of Shandong's "Trademark")**

53. Plaintiff realleges and incorporates by reference each and every preceding allegation as if fully set forth herein

54. Plaintiff seeks cancellation of U.S. Trademark Registration No. 4,098,259 allegedly obtained by Defendant on February 14, 2012

55. The Lanham Act § 14(3) permits cancellation of a U.S. trademark registration, at any time, if the registration "was obtained fraudulently." Additionally, U.S. trademark rules and regulations (§ 2.17) state that applicants providing fraudulent and false information should result in penalties (criminal law) and cancellation of trademarks.

56. As stated herein and above, Defendant fraudulently obtained said Mark by providing the Trademark Office with knowingly false information with the intent to deceive the Trademark Office and obtain the Mark under false and fraudulent pretenses. Thus, cancellation of Defendant's Mark is necessitated.

57. Moreover, Defendant has now attempted to use its fraudulently obtained Mark to maliciously prosecute Plaintiff and harm Plaintiff's well-known Mark and Plaintiff's sales of its goods in the U.S.

58. For the forgoing reasons, Plaintiff will be damaged by the continued registration of the Mark, and thus the Mark should be cancelled.

### PRAYER FOR RELIEF

Plaintiff requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Entry of a permanent injunction enjoining Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, to immediately cease infringing Plaintiff's intellectual property, or any mark similar thereto, cancellation of Defendant's fraudulently obtained Mark, and to stop all testing, publishing, advertising or promoting, selling or distributing the infringing product in any form;

b. Destruction of all products that infringe Plaintiff's intellectual property, and of all packaging, advertising, and other materials of Defendant's bearing Plaintiff's trademark, or any mark confusing similar to Plaintiff's Mark;

c. A trebling of damages awarded because of the willful nature of Defendant's infringing acts;

d. Judgment that Defendant's account for and pay to Plaintiff all damages and costs incurred by Plaintiff, caused by Defendant's infringing activities and other conduct complained of herein, together with pre- and post-judgment interest, costs and disbursements;

e. That Defendant's fraudulent trademark which was procured under false pretenses be cancelled, invalidated, and/or not recognized by the Court.

f. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

g. An award of all attorneys' fees and costs authorized under the statues to the extent applicable; and

h. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: October 19, 2018

Respectfully Submitted,

**NGUYEN & CHEN, LLP**

*/s/Brian M. Gargano*
BRIAN M. GARGANO
SBOT # 24102898
bgargano@nguyen-chen.com
11200 Westheimer, Suite 120
Houston, Texas 77042
(832) 767-0339
(832) 767-0669 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I hereby certify that on October 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and a copy of this filing has been forwarded to all known parties in accordance with the ECF local rules:

Timothy T. Wang
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900
twang@nilawfirm.com

                                          /s/ *Brian M. Gargano*
                                          BRIAN M. GARGANO